**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pete Carl Rogovich, | No. CV-00-1896-PHX-ROS |
| Petitioner, | DEATH PENALTY CASE |
| vs. | |
| Dora B. Schriro, et al.,[1] | **ORDER RE: PROCEDURAL STATUS** |
| Respondents. | **OF CLAIMS** |

Petitioner Pete Carl Rogovich, a state prisoner sentenced to death, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he was convicted and sentenced in violation of the United States Constitution. This Order addresses procedural bar and other issues raised by Respondents' answer to the petition.

## BACKGROUND

On June 1, 1994, Petitioner was convicted by a jury of four counts of first-degree murder, two counts of aggravated assault, two counts of armed robbery, and one count of unlawful flight from a law enforcement vehicle. Petitioner was sentenced to death for the murders and to a term of years for the other offenses. Petitioner's convictions and sentences were affirmed on direct appeal. State v. Rogovich, 188 Ariz. 38, 932 P.2d 794 (1997).

On May 3, 1999, Petitioner filed a petition for post-conviction relief ("PCR") pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Dkt. 60, Ex. B.) On September 29,

---

[1]   Dora B. Schriro is substituted for her predecessor, Terry Stewart, as Director, Arizona Department of Corrections. Fed. R. Civ. P. 25(d)(1).

1999, the court summarily denied relief without an evidentiary hearing.  (Dkt. 60, Ex. E.) The Arizona Supreme Court summarily denied a petition for review ("PR") from the denial of PCR relief.  (Dkt. 60, Exs. F, I.)  Petitioner commenced this action on October 5, 2000, and the parties briefed the procedural status of Petitioner's claims. (Dkts. 55, 60, 66, 70, 71.)

Shortly after the parties completed briefing on the procedural status of Petitioner's claims, the Supreme Court decided Ring v. Arizona, 536 U.S. 584 (2002), which found Arizona's death penalty sentencing scheme unconstitutional because judges, not juries, determined the existence of the aggravating circumstances necessary to impose a death sentence.  The Court stayed Petitioner's sentencing-related claims pending a determination of whether Ring applies retroactively to cases on collateral review (Dkt. 78) and, in the interest of judicial economy, deferred ruling on the procedural status of all the claims.  The stay was lifted after the U.S. Supreme Court resolved that Ring does not apply retroactively, Schriro v. Summerlin, 542 U.S. 348 (2004).  (Dkt. 142.)

## PRINCIPLES OF EXHAUSTION AND PROCEDURAL DEFAULT

Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA).  Lindh v. Murphy, 521 U.S. 320, 336 (1997); Woodford v. Garceau, 538 U.S. 202, 210 (2003).  The AEDPA requires that a writ of habeas corpus not be granted unless it appears that the petitioner has exhausted all available state court remedies.  28 U.S.C. § 2254(b)(1); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509 (1982).  To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.  Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 277-78

1   (1971).[2]  Commenting on the importance of fair presentation, the United States Supreme

2   Court has stated:

3         If state courts are to be given the opportunity to correct alleged violations of
          prisoners' federal rights, they must surely be alerted to the fact that the prisoners
4         are asserting claims under the United States Constitution.  If a habeas petitioner
          wishes to claim that an evidentiary ruling at a state court trial denied him the due
5         process of law guaranteed by the Fourteenth Amendment, he must say so, not only
          in federal court, but in state court.

6

7   Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  Following Duncan, the Ninth

8   Circuit Court of Appeals has held that a state prisoner has not "fairly presented" (and thus

9   exhausted) federal claims in state court unless he specifically indicated to that court that the

10  claims were based on federal law.  See, e.g., Lyons v. Crawford, 232 F.3d 666, 669-70

11  (2000), as amended by 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of

12  evidence, right to be tried by impartial jury and ineffective assistance of counsel lacked the

13  specificity and explicitness required to present federal claim); Shumway v. Payne, 223 F.3d

14  982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal

15  claim); see also Hiivala, 195 F.3d at 1106 ("The mere similarity between a claim of state and

16  federal error is insufficient to establish exhaustion.").  A petitioner must make the federal

17  basis of a claim explicit by citing specific provisions of federal statutory or case law, even

18  if the federal basis of a claim is "self-evident," Gatlin v. Madding, 189 F.3d 882, 888 (9th

19  Cir. 1999), or by citing state cases that explicitly analyze the same federal constitutional

20  claim, Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  Such explicit fair

21  presentation must be made not only to the trial or post-conviction court, but to the state's

22  highest court.  Baldwin v. Reese, 541 U.S. 27, 32 (2004).  If a petitioner's habeas claim

23  includes new factual allegations not presented to the state court, the claim may be considered

24  unexhausted if the new facts "fundamentally alter" the legal claim presented and considered

25  in state court.  Vasquez v. Hillery, 474 U.S. 254, 260 (1986).

26

27        [2] Resolving whether a petitioner has fairly presented his claim to the state court is an
    intrinsically federal issue to be determined by the federal court.  Wyldes v. Hundley, 69 F.3d
28  247, 251 (8th Cir. 1995); Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994).

A habeas petitioner's claims may be precluded from federal review in either of two ways.  First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds.  Coleman, 501 U.S. at 729-30.  Second, a claim may be procedurally defaulted if the petitioner failed to present the claim in any forum and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  Coleman, 501 U.S. at 735 n.1.  This is often referred to as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy.  See id. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him.");  Gray v. Netherland, 518 U.S. 152, 161-62 (1996).

Rule 32 of the Arizona Rules of Criminal Procedure governs when petitioners may seek relief in post-conviction proceedings and raise federal constitutional challenges to their convictions or sentences in state court.  Rule 32.2 provides, in part:

> a.  Preclusion.  A defendant shall be precluded from relief under this rule based upon any ground:
> . . . .
>
> (2)  Finally adjudicated on the merits on appeal or in any previous collateral proceeding;
>
> *(3)  That has been waived at trial, on appeal, or in any previous collateral proceeding.*
>
> b.  Exceptions.  Rule 32.2(a) shall not apply to claims for relief based on Rules 32.1(d), (e), (f), (g) and (h).  When a claim under [these sub-sections] is to be raised in a successive or untimely post-conviction relief proceeding, the notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner. If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed.

Ariz. R. Crim. P. 32.2 (West 2003) (emphasis added).  Thus, pursuant to Rule 32.2(a)(3), petitioners may not be granted relief on any claim which was waived at trial, on appeal, or in a previous PCR petition.  Similarly, pursuant to Rule 32.4, petitioners must seek relief in

1    a timely manner. Only if a claim falls within certain exceptions (subsections (d) through (h)

2    of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition

3    or was not presented in a timely manner will the preclusive effect of Rule 32.2 be avoided.

4    Ariz. R. Crim. P. 32.2(a) (3), 32.4(a).

5        Therefore, in the present case, if there are claims which have not been raised previously

6    in state court, the Court must determine whether Petitioner has state remedies currently

7    available to him pursuant to Rule 32. If no remedies are currently available, petitioner's

8    claims are "technically" exhausted but procedurally defaulted. Coleman, 501 U.S. at 732,

9    735 n.1. In addition, if there are claims that were fairly presented in state court but found

10   defaulted on state procedural grounds, such claims also will be found procedurally defaulted

11   in federal court so long as the state procedural bar was independent of federal law and

12   adequate to warrant preclusion of federal review. Harris v. Reed, 489 U.S. 255, 262 (1989).

13   A state procedural default is not independent if, for example, it depends upon an antecedent

14   federal constitutional ruling. See Stewart v. Smith, 536 U.S. 856 (2002) (per curiam). A

15   state bar is not adequate unless it was firmly established and regularly followed at the time

16   of application by the state court. Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

17       Because the doctrine of procedural default is based on comity, not jurisdiction, federal

18   courts retain the power to consider the merits of procedurally defaulted claims. Reed v.

19   Ross, 468 U.S. 1, 9 (1984). As a general matter, the Court will not review the merits of

20   procedurally defaulted claims unless a petitioner demonstrates legitimate cause for the failure

21   to properly exhaust in state court and prejudice from the alleged constitutional violation, or

22   shows that a fundamental miscarriage of justice would result if the claim were not heard on

23   the merits in federal court. Coleman, 501 U.S. at 735 n.1.

24       Ordinarily "cause" to excuse a default exists if a petitioner can demonstrate that "some

25   objective factor external to the defense impeded counsel's efforts to comply with the State's

26   procedural rule." Id. at 753. Objective factors which constitute cause include interference

27   by officials which makes compliance with the state's procedural rule impracticable, a

28   showing that the factual or legal basis for a claim was not reasonably available to counsel,

1    and constitutionally ineffective assistance of counsel.  <u>Murray v. Carrier</u>, 477 U.S. 478, 488

2    (1986).  "Prejudice" is actual harm resulting from the alleged constitutional error or violation.

3    <u>Magby v. Wawrzaszek</u>, 741 F.2d 240, 244 (9th Cir. 1984).  To establish prejudice resulting

4    from a procedural default, a habeas petitioner bears the burden of showing not merely that

5    the errors at his trial constituted a possibility of prejudice, but that they worked to his actual

6    and substantial disadvantage, infecting his entire trial with errors of constitutional dimension.

7    <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).

8    **DISCUSSION**

9    Petitioner alleges eleven claims in the Amended Petition.  Respondents concede that

10   Claims 5 and 6 were properly exhausted in state court as to the Sixth, Eighth and Fourteenth

11   Amendments (Dkts. 60 at 11; 70 at 11); therefore, those claims will be briefed and reviewed

12   on the merits.  Respondents contend that the remaining claims are procedurally defaulted, in

13   whole or in part, and they are reviewed below.  The Court first addresses some general issues

14   relevant to numerous claims.

15   **Fifth Amendment Due Process Allegations**

16   With respect to each claim, Petitioner alleges a violation of the Fifth Amendment Due

17   Process Clause.  It is the Fourteenth Amendment, not the Fifth that protects a person against

18   deprivations of due process by a state.  <u>See</u> U.S. Const. amend. XIV, § 1 ("nor shall any state

19   deprive any person of life, liberty, or property without due process of law"); <u>Castillo v.</u>

20   <u>McFadden</u>, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the

21   federal government from depriving persons of due process, while the Fourteenth Amendment

22   explicitly prohibits deprivations without due process by the several States.").  Because the

23   Fifth Amendment Due Process Clause does not provide a cognizable ground for relief from

24   Petitioner's state court conviction, the allegations that the Fifth Amendment Due Process

25   Clause was violated are dismissed as to each claim and will not be discussed further herein.

26   **Eighth Amendment Allegations**

27   With respect to each claim, Petitioner alleges a violation of the Eighth Amendment

28   prohibition on cruel and unusual punishment.  The right to be free from cruel and unusual

punishment, by definition, is a protection related to the imposition or carrying out of a sentence.  That is, Eighth Amendment protections do not attach until a person is convicted and subject to punishment by the State.  See Ingraham v. Wright, 430 U.S. 651, 664, 667, 671 n. 40 (1977) (summarizing that the Eighth Amendment circumscribes only the type of punishment imposable on those convicted, punishment grossly disproportionate to the crime and what can be criminalized and punished); Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979) (noting that the Eighth Amendment has no application to pretrial detainees).  Contrary to Petitioner's conclusory and unsupported assertion (see Dkt. 66 at 16), there is no cognizable claim that Petitioner's rights under the Eighth Amendment were violated as to claims relating solely to his conviction.  Because the Eighth Amendment does not provide a cognizable ground for relief regarding conviction-related claims, the allegations that the Eighth Amendment was violated are dismissed as to Claims 1 through 4, 9, and 10, and will not be further discussed herein.

**Statutory Fundamental Error Review**

Petitioner asserts that certain claims or portions thereof were exhausted by virtue of the Arizona Supreme Court's fundamental error review on direct appeal (Dkt. 66 at 3-6, 14). The Court disagrees.

Former A.R.S. § 13-4035 required Arizona appellate courts to independently review the record in all criminal cases for fundamental error.  See A.R.S. § 13-4035 (Repealed by Laws 1995, Ch. 198, § 1).  Effective July 13, 1995, statutory fundamental error review was repealed and no longer required.  See State v. Smith, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996).  Because Petitioner's appeal was decided after the repeal, his case was not subject to statutory fundamental error review.  Further, there is no indication in the supreme court's appellate opinion that it reviewed the record for fundamental error.

Even if such review had been conducted, the Ninth Circuit has rejected the contention that the Arizona Supreme Court's statutory fundamental error review itself exhausts claims for purposes of federal habeas review.  See Moormann v. Schriro, 426 F.3d 1044, 1057 (9th Cir. 2005); Poland (Michael) v. Stewart, 117 F.3d 1094, 1105 (9th Cir. 1997) (Arizona's

process of fundamental error review does not excuse a petitioner's failure to present federal claims to the state's highest court); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1306 (9th Cir.1996) (rejecting argument that review for fundamental error by Arizona Supreme Court prevents procedural preclusion from attaching). Thus, this Court rejects Petitioner's argument that fundamental error review exhausted any claims not fairly presented to the Arizona Supreme Court, and this argument will not be discussed with respect to any individual claims.

**Claim 1**

Claim 1 alleges that Dr. Phillip Keen, the Maricopa County Medical Examiner, testified regarding the victims' causes of death based upon autopsy reports prepared by Dr. Larry Shaw, in violation of Petitioner's Sixth Amendment rights to counsel and to confront witnesses against him, and his Fourteenth Amendment right to due process and equal protection. Respondents argue this claim is only exhausted to the extent Petitioner alleges a violation of his confrontation rights. (Dkt. 60 at 9.) The Court agrees. Petitioner presented the factual basis for this claim on direct appeal as a violation of his Sixth and Fourteenth Amendment confrontation rights (id., Ex. A at i, 11-14), and these aspects of the claim will be briefed and reviewed on the merits.

In contrast, Petitioner did not allege on appeal a violation of his right to counsel, due process or equal protection. (Id.) Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief in state court on the un-presented aspects of Claim 1 absent an applicable exception, which he does not assert. See Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h); Beaty, 303 F.3d at 987 & n.5 (finding no state court remedies and noting that petitioner did not raise any exceptions to Rule 32.2(a)). Thus, these aspects of Claim 1 are technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice. Petitioner has not argued that either cause and prejudice or a fundamental miscarriage of justice excuses the default (Dkt. 66 at 14); therefore, these aspects of Claim 1 are dismissed as procedurally barred.

**Claim 2**

Claim 2 alleges that the trial court's failure to ascertain whether Petitioner's waiver of fundamental constitutional rights (implicated by presenting an insanity defense) was knowing, intelligent and voluntary, violated his Sixth Amendment right to counsel and his Fourteenth Amendment rights to due process and equal protection. Respondents concede that the Fourteenth Amendment due process aspect of the claim is exhausted, but contend the remainder of the claim is defaulted. (Dkt. 60 at 10.) The Court agrees. The Fourteenth Amendment due process portion of Claim 2 will be briefed and reviewed on the merits.

Petitioner contends he presented the right to counsel aspect of Claim 2 in state court by citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938), because it held that the right to counsel is fundamental; he does not dispute that the equal protection allegation has never been presented to the state court. (Dkt. 66 at 15.) On direct appeal, Petitioner alleged that the Fourteenth Amendment Due Process Clause requires consent to an insanity defense to be knowing, intelligent and voluntary because it constitutes a waiver of fundamental rights, including the presumption of innocence and proof of every element of an offense beyond a reasonable doubt; he did not assert an equal protection or right to counsel violation. (Dkt. 60, Ex. A at 17-20.) Although Petitioner cited Johnson as establishing the standard to find a waiver of a fundamental right, he expressly stated that he was *not* asserting a violation of his fundamental right to counsel. (Id. at 18 ("It is true that Rogovich had his constitutional right to a jury honored, and to a lawyer, and to confrontation, and to compulsory process and to remain silent.")) Under these circumstances, Petitioner's reference to Johnson was *not* sufficient to fairly present a claim for violation of his right to counsel.

Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief in state court on the right to counsel and equal protection portions of Claim 2 absent an applicable exception, which he does not assert. See Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h); Beaty, 303 F.3d at 987 & n.5 (finding no state court remedies and noting that petitioner did not raise any exceptions to Rule 32.2(a)). These aspects of Claim 2 are technically exhausted but procedurally defaulted, absent a showing of cause and prejudice

1    or a fundamental miscarriage of justice.  Petitioner has not alleged that cause and prejudice

2    or a fundamental miscarriage of justice excuses the default of these aspects of the claim (Dkt.

3    66 at 15-16), and they are dismissed as procedurally barred.

4    **Claim 3**

5        Claim 3 alleges that the State's failure to collect biological evidence from Petitioner in

6    the form of breath, blood or urine samples, despite knowledge of his potential intoxication

7    at the time of the crimes and/or his arrest, violated his rights under the Fourteenth

8    Amendment.  (Dkt. 55 at 24-26.)  The Amended Petition also contains a summary assertion

9    in the final sentence of Claim 3 that Petitioner's right to counsel was violated; however, there

10   is not a single allegation in the caption or body of the claim regarding any action or inaction

11   on the part of trial or appellate counsel.  In the Traverse and Sur-Reply, Petitioner suggests

12   that Claim 3 includes an ineffective assistance of counsel ("IAC") allegation.  To the extent

13   Claim 3 alleges IAC, the conclusory assertion in support of such a claim is insufficient for

14   habeas relief, and it will be dismissed.  See Rule 2, Rules Governing § 2254 Cases, 28 U.S.C.

15   foll. § 2254 (requiring petition to state the facts in support of each claim); Jones v. Gomez,

16   66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

17       Respondents contend Claim 3 is procedurally defaulted because the PCR court found

18   it precluded and the supreme court summarily affirmed.[3]  (Dkt. 60 at 10.)  Petitioner asserts

19   the PCR court necessarily reached the merits of this claim in resolving his allegations that

20   trial and appellate counsel rendered ineffective assistance of counsel ("IAC") in failing to

21   raise and preserve the issue.  (Dkt. 66 at 18-19.)  The Court disagrees.

22       Claim 3 was presented in Petitioner's PCR petition, and the PCR court found it

23   precluded pursuant to Rule 32.2(a)(3).  (Dkt. 60, Ex. E at 1-2.)  In his PR to the Arizona

24   Supreme Court, Petitioner did not seek relief from, or review of, the PCR court's preclusion

25   determination; rather, he *conceded* preclusion of the substantive issue.  (Id., Ex. F at 7.)

26

27

28       [3] Respondents address Claim 3 as alleging only a due process violation, presumably
     because no factual allegations in support of an IAC claim were included in the petition.

Although Petitioner addressed the merits of the claim in briefing the merits of the associated IAC claims, the legal basis for this claim is fundamentally different than an IAC claim; therefore, he did not thereby fairly present Claim 3 as an independent claim to the supreme court.  See Anderson, 459 U.S. at 6 (fair presentation requires a description of the federal legal theory on which a claim is based).

Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief in state court on Claim 3.  See Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h); Beaty, 303 F.3d at 987 & n.5 (finding no state court remedies and noting that petitioner did not raise any exceptions to Rule 32.2(a)).  Further, even if the Court were to construe the PR as having fairly presented Claim 3, this Court "looks through" the supreme court's summary denial and relies on the PCR court's preclusion ruling as the last reasoned state court ruling.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  Contrary to Petitioner's assertion, Rule 32.2(a)(3) is an adequate and independent state procedural bar.[4]  Thus, Claim 3 is technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Petitioner asserts that appellate IAC establishes cause to overcome the procedural default of Claim 3.  (Dkt. 66 at 19.)  The appellate IAC allegation is exhausted and, if meritorious, could establish cause for the defaulted portion of the claim.  Cf. Murray, 477 U.S. at 489-90 (requiring that an IAC claim be exhausted to qualify as cause for default).  Therefore, Petitioner shall address the merits of Claim 3 as well as the merits of his cause and prejudice argument in his merits briefing.[5]

_____

[4]  Petitioner argues that Rule 32.2(a)(3) is not independent of federal law and cannot bar federal review, as was decided by the Ninth Circuit in Smith v. Stewart, 241 F.3d 1191 (9th Cir. 2001).  (Dkt. 66 at 16-17.)  Since Petitioner filed his briefs, the Supreme Court reversed the Ninth Circuit's opinion in Smith, and held that a Rule 32.2(a)(3) preclusion ruling is independent of federal law and can bar federal review.  Stewart v. Smith, 536 U.S. 856, 860 (2002) (per curiam).

[5]  The Court notes that the issues in Claim 3 were not raised at trial; therefore, if raised on appeal they would have been reviewed solely for fundamental error.  See State v.

**Claim 4**

Claim 4 alleges that Petitioner's Sixth Amendment confrontation and counsel rights and his Fourteenth Amendment due process and equal protection rights were violated by: (A) denial of the opportunity to confront witnesses regarding the aggravated assault counts; (B) insufficient evidence to support the aggravated assault convictions; and (C) trial and appellate counsel's failure to raise and preserve issues A and B.  Respondents concede that subpart C was properly exhausted as a Sixth Amendment violation, and that portion of the claim will be briefed and reviewed on the merits.

Respondents argue that subparts A and B were found precluded by the PCR court and are, therefore, procedurally barred.  (Dkt. 60 at 10.)  Petitioner counters that in resolving the merits of subpart C, the PCR court necessarily reached the merits of subparts A and B.  (Dkt. 66 at 23.)  The Court disagrees.  Petitioner presented subparts A and B in his PCR petition, but the PCR court found them precluded pursuant to Rule 32.2(a)(3).  (Dkt. 60, Exs. B at 18-32, E at 1-2.)  In his PR, Petitioner did not seek relief from, or review of, the PCR court's preclusion determination; rather, he *conceded* preclusion of subparts A and B.  (Dkt. 60, Ex. F at 7.)  Although Petitioner addressed the merits of subparts A and B in an attempt to establish that the PCR court erred in denying relief on the associated IAC claims (subpart C), the legal basis for these subparts is fundamentally different than an IAC claim; therefore, he did not thereby fairly present subparts A and B as independent claims to the supreme court. See Anderson, 459 U.S. at 6 (fair presentation requires a description of the federal legal theory on which a claim is based).

Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief in state court on subparts A and B.  See Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h); Beaty, 303 F.3d at 987 & n.5 (finding no state court remedies and noting that petitioner did not raise any exceptions to Rule 32.2(a)).  Further, even if the Court were to

Martinez, 210 Ariz. 578, 580 n.2, 115 P.3d 618, 620 n.2 (2005).  Petitioner should address that standard in his prejudice analysis.

construe the PR as having fairly presented subparts A and B, this Court "looks through" the supreme court's summary denial and relies on the PCR court's preclusion ruling as the last reasoned state court ruling.  See Ylst, 501 U.S. at 803.  Thus, these subparts are technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Petitioner argues that appellate IAC establishes cause to excuse the procedural default of subparts A and B.  (Dkt. 66 at 23-24.)  The appellate IAC allegation (subpart C) is exhausted and, if found to have merit, could establish cause for the defaulted portions of this claim.  The Court will defer determining whether appellate IAC establishes cause to excuse the procedural default of subparts A and B; Petitioner shall address the merits of the entirety of Claim 4 as well as his cause and prejudice argument in his merits briefing.

**Claim 7**

Claim 7 alleges two distinct claims each with subparts.  In subclaim A, Petitioner alleges that his constitutional rights were violated by the following aspects of Arizona's death penalty scheme:  (1) the execution method inflicts unnecessary and wonton pain; (2) the scheme is mandatory in nature; (3) the absence of proportionality review; (4) the absence of a requirement that aggravating circumstances be proven to outweigh mitigating factors beyond a reasonable doubt; and (5) the failure to provide for jury sentencing at the time of Petitioner's trial.  Subclaim B alleges that Petitioner's appellate counsel was ineffective for failing to raise and preserve issues (1) through (5).

Regardless of exhaustion, the Court will dismiss the entirety of Claim 7, with the exception of subclaim A(1), as meritless.  See 28 U.S.C. § 2254(b)(2) (allowing denial of unexhausted claims on the merits); Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under (b)(2) as "plainly meritless").

Subclaims A(2) - A(5)

Subclaims A(2) through A(5) are dismissed on the merits for the reasons set forth below.

1    *Subclaim A(2)*

2        Petitioner alleges that Arizona's procedure is unconstitutional because the defendant

3    is required to prove mitigation and there is a presumption in favor of death whenever any

4    aggravator is found to exist.   The Supreme Court has squarely rejected both of these

5    challenges to Arizona's capital sentencing scheme.  See Walton v. Arizona, 497 U.S. 639,

6    650-52 (1990), overturned on other grounds by Ring v. Arizona, 536 U.S. 584 (2002).

7        *Subclaim A(3)*

8        Petitioner argues there is no method in Arizona for determining if a death sentence has

9    been imposed arbitrarily and capriciously.   In particular, Arizona has no proportionality

10    review.

11        When the aggravating factors furnish sufficient guidance to the sentencer, courts may

12    presume the sentence was not "wantonly and freakishly" imposed and is not disproportionate

13    in a way precluded by the Eighth Amendment.  Lewis v. Jeffers, 497 U.S. 764, 779 (1990);

14    Gregg v. Georgia, 428 U.S. 153, 195 (1976) (finding that risk of arbitrary and capricious

15    sentence is reduced by use of specified aggravating circumstances and the safeguard of

16    meaningful appellate review).  Petitioner is not alleging a facial challenge to the aggravating

17    factors applied in his case – F(1), F(2) and F(8) – and there are no opinions finding those

18    factors unconstitutional.   Further, there is no federal right to proportionality review where

19    state law does not provide for such review.   Pulley v. Harris, 465 U.S. 37, 43-44, 50-51

20    (1984).   In State v. Salazar, 173 Ariz. 399, 416-17, 844 P.2d 566, 583-84 (1992) (in banc),

21    the Arizona Supreme Court held that proportionality reviews would no longer be conducted

22    in death penalty cases.   At the time of Petitioner's direct appeal, he did not possess a

23    constitutional right to a proportionality review.

24        *Subclaim A(4)*

25        Petitioner alleges that the death penalty system in Arizona is unconstitutional because

26    the State is not required to prove that the aggravating factor(s) outweigh the mitigation

27    beyond a reasonable doubt.   The constitution does not require such an allocation of the

28    burden of proof as long as the State is required to prove aggravating factors beyond a

1    reasonable doubt and the sentencer is allowed to consider and give effect to all mitigating

2    evidence.  See Walton v. Arizona, 497 U.S. at 649-50 (upholding Arizona's burden of proof

3    for capital sentencing); cf. Blystone v. Penn., 494 U.S. 299, 305 (1990).  Petitioner does not,

4    and could not, allege that Arizona's system does not satisfy those standards.

5            *Subclaim A(5)*

6            Petitioner alleges he was denied his right to trial by jury on all the elements of the

7    offense of capital murder, specifically the aggravating factors required for a death sentence.

8    In Ring, 536 U.S. at 609, the Supreme Court held that Arizona's aggravating factors are an

9    element of the offense of capital murder and must be found by a jury.  However, in

10   Summerlin, 542 U.S. at 358, the Court held that Ring does not apply retroactively to cases

11   already final on direct review.  Because Petitioner's direct review was final prior to Ring, he

12   is not entitled to relief premised on that ruling.

13           Subclaim B

14           Subclaim B alleges that Petitioner's appellate counsel was ineffective for failing to raise

15   issues 1 through 5.  To obtain relief based on IAC, Petitioner must show that his counsel's

16   performance was deficient and that the deficient performance caused him prejudice.

17   Strickland v. Washington, 466 U.S. 668, 687 (1984); Evitts, 469 U.S. at 396 (recognizing the

18   right to effective assistance of counsel for a first appeal as of right).  The performance inquiry

19   is whether counsel's assistance was reasonable considering all the circumstances.  Id. at 688-

20   89.  To establish prejudice, a petitioner must show that there is a "reasonable probability"

21   that, absent counsel's errors, the result of the appeal would have been different.  Id. at 694.

22

23           It does not constitute ineffective assistance of counsel when counsel does not raise a

24   claim on appeal that lacks merit and for which there is not a reasonable probability that the

25   outcome of the appeal would have been different.  See Wildman v. Johnson, 261 F.3d 832,

26   840 (9th Cir. 2001) (finding appellate counsel's failure to raise an issue cannot constitute

27   ineffective assistance if the issue did not provide grounds for reversal); Boag v. Raines, 769

28   F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute

1   ineffective assistance); cf. U.S. v. Moore, 921 F.2d 207, 210 (9th Cir. 1990) (finding no

2   deficient performance when counsel does not raise a claim without merit).  As addressed

3   above, issues 2 through 5 are without merit; therefore, counsel's failure to raise subclaims

4   A(2)-(5) was not ineffective.

5           Subclaim A(1) alleges that the death penalty generally, and lethal injection and lethal

6   gas specifically, constitute cruel and unusual punishment.  At the time of Petitioner's appeal,

7   the Arizona Supreme Court had already held that neither lethal gas nor lethal injection

8   constituted cruel and unusual punishment.  State v. Hinchey, 181 Ariz. 307, 315, 890 P.2d

9   602, 610 (1995) (addressing lethal injection); State v. Gonzales, 181 Ariz. 502, 507, 892 P.2d

10  838, 843 (1995) (addressing lethal gas).  Therefore, it was not ineffective for counsel not to

11  raise subclaim A(1) on appeal.

12          The entirety of subclaim B lacks merit and is denied.

13          Subclaim A(1)

14          Respondents contend that subclaim A(1) was not properly exhausted and is procedurally

15  defaulted.  (Dkt. 60 at 12.)  Petitioner asserts that the Arizona Supreme Court necessarily

16  reached the merits of A(1) by virtue of its independent sentencing review (Dkts. 71 at 4; 66

17  at 7-8), or in its review of the related IAC subclaim, B(1) (Dkt. 66 at 26).  To the extent

18  subclaim A(1) was found precluded in state court, Petitioner argues that ruling was not made

19  pursuant to an adequate and independent state procedural rule.  (Dkt. 66 at 26.)  The Court

20  rejects each of Petitioner's contentions.

21          First, the Arizona Supreme Court, through its jurisprudence, has repeatedly stated that

22  it independently reviews each capital case to determine whether the death sentence is

23  appropriate.  To ensure compliance with Arizona's death penalty statute, the court reviews

24  the record regarding aggravation and mitigation findings, and then decides independently

25  whether the death sentence should be imposed.  State v. Brewer, 170 Ariz. 486, 493-94, 826

26  P.2d 783, 790-91 (1992).  The Arizona Supreme Court has also said that in conducting its

27  review, it determines whether a death sentence was imposed under the influence of passion,

28  prejudice, or any other arbitrary factors.  State v. Richmond, 114 Ariz. 186, 196, 560 P.2d

41, 51 (1976), <u>sentence overturned on other grounds</u>, <u>Richmond v. Cardwell</u>, 450 F. Supp. 519 (D. Ariz. 1978).  Arguably, such a review rests on both state and federal grounds.  <u>See</u> <u>Brewer</u>, 170 Ariz. at 493, 826 P.2d at 790 (finding that statutory duty to review death sentences arises from need to ensure compliance with constitutional safeguards imposed by the Eighth and Fourteenth amendments); <u>State v. Watson</u>, 129 Ariz. 60, 63, 628 P.2d 943, 946 (1981) (discussing <u>Gregg v. Georgia</u>, 428 U.S. 153 (1976), and <u>Godfrey v. Georgia</u>, 446 U.S. 420 (1980), and stating that independent review of death penalty is mandated by the U.S. Supreme Court and necessary to ensure against arbitrary and capricious application).

Petitioner references no authority suggesting that the scope of Arizona's review encompasses any and all constitutional error at sentencing, and this Court has found none. In <u>Brewer</u>, the Arizona Supreme Court observed that it has a duty to determine the propriety of the death penalty and that this decision "is guided, above all, by the state's narrowly construed statutes specifying the limited circumstances for which a defendant may be deemed death-eligible."  170 Ariz. at 494, 826 P.2d at 791.  The federal constitutional aspect of the court's review is limited to ensuring that imposition of the death sentence rests on permissible grounds.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Watson</u>, 129 Ariz. at 63, 628 P.2d at 946.  In reviewing the existence of aggravating and mitigating circumstances, the Arizona Supreme Court would have no cause to consider the general constitutionality of Arizona's death penalty scheme.  The Ninth Circuit recently held that this type of general claim is not exhausted by Arizona's independent sentencing review.  <u>See</u> <u>Moormann</u>, 426 F.3d at 1057-58 (finding that independent sentencing review did not exhaust claim that death penalty is cruel and unusual, or that Arizona death penalty statute is unconstitutionally mandatory, that the death penalty is imposed arbitrarily and capriciously, or that denial of a jury trial as to death sentence was unconstitutional).  Therefore, the Court finds that subclaim A(1) was not exhausted by virtue of the supreme court's independent sentencing review.

To the extent Petitioner raised subclaim A(1) as an independent claim in his PCR proceeding, the PCR court found review precluded pursuant to Rule 32.2(a)(3).  (<u>Id.</u>, Ex. E at 1-2.)  In his PR, Petitioner did not seek relief from, or review of, the PCR court's

1   preclusion determination and affirmatively indicated that he had not sought relief with

2   respect to his challenges to the constitutionality of Arizona's death penalty scheme; he only

3   referred to the merits of those allegations in an attempt to establish that the PCR court erred

4   in denying relief on the merits of the related appellate IAC claim.  (Id., Ex. F at 5-6, 7.)

5   Thus, Petitioner did not fairly present subclaim A(1) to the supreme court as an independent

6   claim, and the PCR court's ruling on the associated IAC claim is not sufficient to satisfy the

7   exhaustion requirement.

8       Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4

9   from obtaining relief in state court on subclaim A(1).  See Ariz. R. Crim. P. 32.2(b); 32.1(d)-

10  (h); Beaty, 303 F.3d at 987 & n.5 (finding no state court remedies and noting that petitioner

11  did not raise any exceptions to Rule 32.2(a)).  Further, even if the Court were to construe the

12  PR as having fairly presented allegation A(1), this Court "looks through" the supreme court's

13  summary denial and relies on the PCR court's preclusion ruling as the last reasoned state

14  court ruling.  See Ylst, 501 U.S. at  803.  As discussed above, preclusion pursuant to Rule

15  32.2(a)(3) is an adequate and independent state procedural bar.  Supra note 4.

16      In sum, subclaim A(1) is technically exhausted but procedurally defaulted, absent a

17  showing of cause and prejudice or a fundamental miscarriage of justice.  Petitioner has

18  asserted neither.  Accordingly, subclaim A(1) of Claim 7 is dismissed as procedurally barred.

19  **Claims 8 and 9**

20      Claim 8 alleges that (A) the trial court's failure to instruct the jury on disorderly conduct

21  as a lesser-included offense of aggravated assault and (B) trial and appellate counsel's failure

22  to raise and preserve that issue violated Petitioner's rights under the Sixth, Eighth and

23  Fourteenth Amendments.  Claim 9 alleges that (A) the trial court erred by admitting

24  irrelevant victim impact evidence during the guilt phase of Petitioner's trial and (B) appellate

25  counsel failed to raise and preserve that claim in violation of Petitioner's rights under the

26  Sixth and Fourteenth Amendments.

27      Respondents concede that Petitioner properly exhausted the IAC portion of these

28  claims, subparts B, but argue that the alleged trial court error, subparts A, are not exhausted.

(Dkt. 60 at 12-13.)  Petitioner counters that the PCR court necessarily reached the merits of subparts A in resolving the related IAC portions of the claims, and/or that the PCR court did not find subparts A precluded pursuant to an independent state procedural rule.  (Dkt. 66 at 27-28, 29-30.)

To the extent Petitioner presented subpart A of Claims 8 and 9 as independent claims in his PCR proceeding, the PCR court found them precluded under Rule 32.2(a)(3).  (Id., Ex. E at 1-2.)  In his PR, Petitioner did not seek relief from, or review of, the PCR court's preclusion determinations; rather, he indicated he was briefing the substantive claims only to establish that the PCR court erred in denying relief on the merits of the related IAC claims.  (Id., Ex. F at 5-6, 7.)  Thus, Petitioner did not fairly present subpart A of Claims 8 and 9 to the supreme court as independent claims, and the PCR court's ruling on the associated IAC claims is not sufficient to satisfy the exhaustion requirement.

Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief in state court on subpart A of either claim.  See Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h); Beaty, 303 F.3d at 987 & n.5 (finding no state court remedies and noting that petitioner did not raise any exceptions to Rule 32.2(a)).  Further, even if the Court were to construe the PR as having fairly presented the allegations in subparts A, this Court "looks through" the supreme court's summary denial and relies on the PCR court's preclusion ruling as the last reasoned state court ruling.  See Ylst, 501 U.S. at  803.  As discussed above, preclusion pursuant to Rule 32.2(a)(3) is an independent state procedural bar.  Supra note 4.

In sum, subpart A of Claims 8 and 9 is technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice, neither of which has been asserted.  (Dkt. 66 at 27-28.)  Accordingly, subpart A of Claims 8 and 9 are dismissed as procedurally barred, and subpart B of Claims 8 and 9 will be briefed and reviewed on the merits.

**Claim 10**

Claim 10 alleges that trial and appellate counsel failed to raise and preserve challenges to the prosecutor's improper closing argument, in which he implied that a verdict of not

1   guilty by reason of insanity would result in Petitioner's immediate release.  Respondents

2   argue that only the appellate IAC aspect of this claim was properly exhausted.  (Dkt. 60 at

3   13.)  In the Traverse, Petitioner concedes the point and does not assert that either cause and

4   prejudice or a fundamental miscarriage of justice excuse the default of the trial IAC aspect

5   of the claim.  (Dkts. 66 at 30; 71 at 2-3.)  Therefore, the trial IAC aspect of this claim is

6   dismissed as procedurally barred, and the appellate IAC portion of the claim will be briefed

7   and reviewed on the merits.

8       **Claim 11**

9       Claim 11 alleges that Petitioner will be incompetent to be executed under the Sixth,

10  Eighth and Fourteenth Amendments.  (Dkt. 55 at 56-57.)  Petitioner recognizes, and

11  Respondents agree, that this claim is not yet ripe for federal review.  (Dkt. 60 at 13-14.)

12  Pursuant to Martinez-Villareal v. Stewart, 118 F.3d 628, 634 (9th Cir. 1997), aff'd, 523 U.S.

13  637 (1998), a claim of incompetency for execution "must be raised in a first habeas petition,

14  whereupon it also must be dismissed as premature due to the automatic stay that issues when

15  a first petition is filed."  If again presented to the district court once the claim becomes ripe

16  for review, it shall not be treated as a second or successive petition.  See id. at 643-44.

17  Therefore, the Court dismisses Claim 11 without prejudice as premature.

18      **CONCLUSION**

19      As discussed herein, the Fifth Amendment aspect of all of Petitioner's claims and the

20  Eighth Amendment aspect of Claims 1-4, 9, and 10 are dismissed as not cognizable for

21  habeas relief.  The following aspects of Petitioner's claims are dismissed as procedurally

22  barred:  (a) the right to counsel, due process, and equal protection allegations of Claim 1;

23  (b) the right to counsel and equal protection allegations of Claim 2; (c) Claims 7A(1), 8A,

24  and 9A; and (d) the trial IAC allegation of Claim 10.  Claims 3 (to the extent it alleges IAC),

25  7A(2) - (5) and 7B are dismissed on the merits.  Claim 11 is dismissed without prejudice as

26  premature.  The balance of Petitioner's remaining claims will be briefed on the merits.  The

27  Court will address the remaining procedural issues regarding Claims 3 and 4 in a subsequent

28  order.

Accordingly,

**IT IS ORDERED** that Claim 11 is **DISMISSED** without prejudice as premature.

**IT IS FURTHER ORDERED** that the Fifth Amendment aspects of all of Petitioner's claims and the Eighth Amendment aspects of Claims 1-4, 9, and 10 are **DISMISSED** as non-cognizable for habeas relief.

**IT IS FURTHER ORDERED** that Claims 3 (to the extent it alleges IAC), 7A(2)-(5) and 7B are **DISMISSED WITH PREJUDICE** on the merits.

**IT IS FURTHER ORDERED** that the following claims or portions thereof are **DISMISSED WITH PREJUDICE** as procedurally barred:  (a) the right to counsel, due process, and equal protection allegations of Claim 1; (b) the right to counsel and equal protection allegations of Claim 2; (c) Claims 7A(1), 8A and 9A; and (d) the trial IAC allegation of Claim 10.

**IT IS FURTHER ORDERED** that, no later than **forty-five (45) days** following entry of this Order, Petitioner shall file a Memorandum regarding the merits of the following claims:  (a) the Sixth and Fourteenth Amendment confrontation right allegations of Claim 1; (b) the Fourteenth Amendment due process aspect of Claim 2; (c) the Fourteenth Amendment allegations of Claim 3, and the corresponding appellate IAC allegation as cause; (d) Claim 4 in entirety, including addressing subpart C as cause to excuse the default of subparts A and B; (e) Claims 5, 6, 8B and 9B; and (f) the appellate IAC allegations of Claim 10.  The Merits Memorandum shall specifically identify and apply appropriate AEDPA standards of review *to each claim for relief* and shall not simply restate facts and argument contained in the amended petition.  Petitioner shall also identify in the Merits Memorandum: (1) each claim for which further evidentiary development is sought; (2) the facts or evidence sought to be discovered, expanded or presented at an evidentiary hearing; (3) why such evidence was not developed in state court; and (4) why the failure to develop the claim in state court was not the result of lack of diligence, in accordance with the Supreme Court's decision in Williams v. Taylor, 529 U.S. 420 (2000).

**IT IS FURTHER ORDERED** that no later than **forty-five (45) days** following the

1    filing of Petitioner's Memorandum, Respondents shall file a Response Re: Merits.

2        **IT IS FURTHER ORDERED** that no later than **twenty (20) days** following the filing

3    of Respondents' Response, Petitioner may file a Reply.

4        **IT IS FURTHER ORDERED** that if, pursuant to LRCiv 7.2(g), Petitioner or

5    Respondents file a Motion for Reconsideration of this Order, such motion shall be filed

6    within **fifteen (15) days** of the filing of this Order.  The filing and disposition of such motion

7    does not toll the time for the filing of the merits briefs scheduled under this Order.

8        **IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to

9    the Clerk of the Arizona Supreme Court, 1501 W. Washington, Phoenix, AZ 85007-3329.

10

        DATED this 6th day of June, 2006.

11

12

13

14   _____
                      Roslyn O. Silver
15                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28